### In re BETSEKAS.

(District Court, N. D. California, S. D., First Division. October 9, 1916.)

#### No. 10321.

BANKRUPTCY ⊜196—CREDITORS—RESTRAINING ORDER.

A judgment creditor levied execution on property which was claimed by third persons to whom the bankrupt had conveyed it, whereupon the execution was released. More than four months before the institution of the bankruptcy proceeding, the judgment creditor sued the bankrupt and such third persons, and secured a decree that the conveyances were void as to him. Such decree was entered within four months of institution of the proceedings, whereupon the judgment creditor caused execution to be issued on the original judgment, and the property was sold as the property of the bankrupt. *Held*, that a restraining order should not be issued against the judgment creditor in favor of creditors who had not participated in the suit to set aside the conveyances, notwithstanding the judgment creditor was proceeding only by virtue of the latter decree.

[Ed. Note.—For other cases, see Bankruptcy. Cent. Dig. §§ 306–316; Dec. Dig. ⊜196.]

In Bankruptcy. In the matter of the involuntary bankruptcy of John Betsekas. On motion to dissolve restraining order. Motion granted.

C. A. Shuey and J. A. Bacigalupi, both of San Francisco, Cal., for petitioning creditors.

G. C. Halsey, of San Francisco, Cal., for alleged bankrupt.

Devoto, Richardson & Devoto, of San Francisco, Cal., for G. Sbragia.

DOOLING, District Judge. Sbragia, the moving party, has been for some months pursuing certain property as the property of the bankrupt in order to satisfy a judgment against him. He first levied an execution on the property, but it was claimed by third parties to whom the bankrupt had conveyed it, and the execution was released. Then more than four months before the bankruptcy proceedings he brought action against the bankrupt and these third parties, and secured a decree that the conveyances were void as to him. This decree was entered within the four months. Having procured this decree, he caused execution to be issued on the original judgment, and the prop-

---

erty was sold as the property of the bankrupt, the third parties apparently not making any claim to it. It is this latter execution that the restraining order in question is directed against. Whether he execute the original judgment or the latter decree does not seem to me to be very material, as it is only by virtue of the latter decree that he is permitted by the claimants of the property to proceed against it. He is, in effect, enforcing the lien secured in the second action. Having taken all these proceedings to secure his money, he should not be deprived of the fruits of his litigation at the last moment by creditors who have done nothing.

The motion to dissolve the restraining order is granted, and said order is dissolved.